IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. ESTES d.b.a. OEM-Tech,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDEO GAMING TECHNOLOGIES, INC.,<br><br>    Defendant.<br>_____/ | No. C10-4368 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL (DKT. No. 59, 63) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 62)** |

    In this lawsuit Plaintiff, representing himself, alleges that Defendant Video Gaming Technologies, Inc. ("Defendant") breached oral and written contracts related to flash memory devices. On November 7, 2011, Plaintiff filed a Motion to Compel production of documents (Dkt. No. 59) and on November 9, 2011, Plaintiff filed a Second Motion to Compel (Dkt. No. 63). The motions are essentially identical. All discovery disputes have been referred to this Court for decision. On November 9, 2011, Plaintiff also filed a motion for summary judgment and appears to seek a ruling on the motion from this Court rather than the district court. (Dkt. No. 62.)

**A.    Motions to Compel**

    Plaintiff seeks to compel Defendant to produce documents. Although not entirely clear, it appears Plaintiff seeks documents from Defendant involving Defendant's communications with third parties. Plaintiff also appears to allege that Defendant has

1  refused to produce certain documents on the ground that such documents are confidential.
2  Plaintiff does not, however, contend that he has met and conferred with Defendant's counsel
3  in a good faith attempt to resolve the parties' discovery dispute. Civil Local Rule 37-1
4  provides that a "Court will not entertain a request or a motion to resolve a disclosure or
5  discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the
6  purpose of attempting to resolve all disputed issues." Plaintiff, although not an attorney,
7  must follow this procedure as it is designed to narrow and crystallize the parties' disputes
8  before they are presented to the Court.

9  Accordingly, Plaintiffs' motions to compel are denied without prejudice to Plaintiff filing a new motion to compel after he meets and confers with Defendant's counsel in a good faith attempt to resolve their discovery dispute. To satisfy the meet and confer requirement, Plaintiff and Defendant's counsel must speak on the telephone. During that telephone conference Plaintiff should identify the precise documents he seeks and which he believes Defendant has improperly withheld. If Defendant is withholding any documents from Plaintiff on the ground that such documents are privileged, Defendant must provide Plaintiff with a privilege log; however, Defendant is not required to log any attorney-client privilege documents created after this lawsuit was filed. If Defendant is withholding documents on grounds of confidentiality, Defendant is instructed to provide Plaintiff with a proposed protective order and to work with Plaintiff in presenting such an order to the Court for filing and signature. Defendant's counsel is encouraged to contact Plaintiff to begin the meet and confer process.

If after the parties meet and confer in good faith Plaintiff still believes that Defendant is improperly withholding documents Plaintiff may file a renewed motion to compel with this Court. Plaintiff's motion should include the following.

First, in the motion Plaintiff must certify that Plaintiff and Defendant's counsel have met and conferred in good faith, and give the date(s) of their telephone conference(s).

Second, the motion must identify with specificity the documents which Plaintiff seeks. For example, the motions to compel which are currently pending are too vague as to what it

2

is Plaintiff seeks. If Plaintiff seeks emails or written correspondence between Defendant and particular companies Plaintiff should say so. If Plaintiff seeks a Product Certification from a particular company Plaintiff should say so. Further, if Defendant is withholding documents on grounds of privilege and Plaintiff believes Defendant should have to produce those documents, then Plaintiff must submit with his motion a copy of the privilege log and identify the documents on the log he seeks to compel.

<u>Third</u>, the motion should explain how the documents Plaintiff seeks are relevant to this action, that is, how they may help Plaintiff prove his claims or disprove a defense.

<u>Fourth</u>, Plaintiff should attach to the motion Defendant's written responses to Plaintiff's requests for documents, in addition to attaching Plaintiff's request for documents (which he did with respect to the current motions to compel).

Once (and if) a renewed motion to compel is filed, the Court will schedule a telephone hearing. During the telephone hearing the parties and the Court will address the motion as well as the timing and nature of Defendant's written response to Plaintiff's motion to compel if the motion cannot be resolved during the telephone hearing.

## C. Motion for Summary Judgment

Plaintiff has also filed before this Court a motion which he calls a "Motion for Summary Judgment." (Dkt. No. 62.) The motion, however, restates the same arguments which Plaintiff makes in his two motions to compel, although it does provide more specificity as to the documents Plaintiff seeks. Accordingly, Plaintiff's motion for summary judgment is also denied without prejudice. As a motion for summary judgment must be supported by admissible evidence, Plaintiff should file a motion for summary judgment with Judge Seeborg only after he has gathered the evidence he believes proves that the facts are undisputed and that under those undisputed facts he wins.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to compel are DENIED without prejudice to Plaintiff filing a new motion to compel after meeting and conferring with Defendant's counsel in good faith. Plaintiff's motion for summary judgment is also

3

DENIED without prejudice to Plaintiff filing a new motion with Judge Seeborg *after* Plaintiff has gathered the evidence he believes establishes that under the undisputed facts he wins on his legal claims. This Order disposes of Docket Nos. 59, 62 and 63.

**IT IS SO ORDERED.**

Dated: November 9, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE