IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. ESTES d.b.a. OEM-Tech,<br><br>Plaintiff,<br><br>v.<br><br>VIDEO GAMING TECHNOLOGIES, INC.,<br><br>Defendant. | No. C10-4368 RS (JSC)<br><br>**ORDER RE: DECEMBER 23, 2011 DISCOVERY DISPUTES (Dkt. Nos. 89, 91)** |

On January 9, 2012, the Court held a telephonic hearing on the discovery dispute set forth in the parties' letters of December 23, 2011. (Dkt. Nos. 89, 91.) As stated at the hearing, the Court rules as follows:

1. By its written disclosure of December 16, 2011, Defendant complied with the Court's December 12, 2011 Order (Dkt. No. 85) that Defendant provide Plaintiff with the date of third-party certifications. See Dkt No. 89-1. On or before January 17, 2012, Defendant shall identify for Plaintiff the "regulatory requirements" Defendant refers to in its December 16, 2011 disclosure.

2. On or before January 17, 2012, Defendant shall provide the Court with an unredacted version of document VGT 002764 for the Court's *in camera* review.

3. Plaintiff's request for reconsideration of the Court's ruling with regard to correspondence with third parties is denied without prejudice. The Court already

ruled on the discoverability of the material sought with respect to all pending claims other than the claim for breach of a written non-disclosure agreement. If Plaintiff seeks reconsideration of that ruling, Plaintiff must file a motion that complies with Civil Local Rule 7-9. Such motion, if any, shall be filed on or before January 17, 2012.

4. Plaintiff's request for correspondence with third parties as relevant to its claim for breach of the non-disclosure agreement is deferred pending a ruling on Defendant's anticipated motion to dismiss that claim. Once that claim is put at issue, either because the Court denies the motion to dismiss or Defendant answers rather than moves to dismiss the claim, the parties shall meet and confer as to discovery relevant to that claim.

5. The parties shall continue to meet and confer with respect to the issues raised in Defendant's letter of January 4, 2012. (Dkt. No. 99.) Plaintiff shall serve his supplementary responses on or before January 23, 2012. If a dispute remains after the supplementary responses are served, Defendant shall submit a letter to the Court which addresses the remaining dispute, along with a copy of the responses at issue, on or before January 30, 2012. Defendant's written response shall be filed on or before February 6, 2012. The Court will take the matter under submission at that time.

**IT IS SO ORDERED.**

Dated: January 10, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE