IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. ESTES d.b.a. OEM-Tech,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDEO GAMING TECHNOLOGIES, INC.,<br><br>    Defendant._____/ | No. C10-4368 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUBPOENAS (DKT. NO. 107)** |

Now pending before the Court is Plaintiff's motion for leave to serve third-party subpoenas. (Dkt. No. 107.) Plaintiff's motion for leave is DENIED. By stipulation and order filed October 24, 2011 (Dkt. No. 54) the deadline for completion of non-expert discovery was continued four weeks to December 28, 2011. Thus, at best, the last day to serve third-party subpoenas was December 28, 2011; indeed, since December 28, 2011 was the deadline for completion of such discovery, December 28, 2011 was actually the last day for compliance with any third-party subpoenas. See Civil L.R. 37-3 ("a 'discovery cut-off' is the date by which all responses to written discovery are due).

Plaintiff's assertion that he met and conferred with Defendant regarding the subpoenas prior to December 28, 2011 is of no moment. Federal Rule of Civil Procedure 45 does not require the agreement of an opposing party before a subpoena may be served, it merely requires that "notice" be given to the opposing party before service. Fed. R. Civ. P.

45(b)(1). Similarly, that the deadline for filing motions to compel was one week after December 28, 2011, <u>see</u> Civil L.R. 37-3, is also irrelevant. Plaintiff is not seeking to compel compliance with a discovery request that was timely made; instead, he is seeking leave to make a new discovery request upon a third party after the discovery cut-off.

Further, the Court does not find good cause for extending the discovery deadline to allow service of the subpoenas. The Court finds that Plaintiff could have served the subpoenas in a timely manner.

Finally, the Court notes that the parties have been unable to comply with the Court's standing order requiring the submission of joint discovery letter briefs. Accordingly, any further discovery issues/motions must be raised by noticed motion in accordance with Civil Local Rule 7-1 and 37-2, should there be any motion which can be timely brought. The parties shall no longer communicate with the Court by letter.

**IT IS SO ORDERED.**

Dated: January 12, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2