IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OEM-TECH, CO., a California sole proprietorship owned and operated by Charles Estes,<br><br>  Plaintiff,<br><br>  v.<br><br>VIDEO GAMING TECHNOLOGIES, INC., a Corporation doing business in California as VGT, INC., and DOES 1-50, inclusive,<br><br>  Defendant.<br>_____/ | No. C 10-04368 RS<br><br>**ORDER** |

VGT has moved for attorneys' fees.  *See* Dkt. 196.  This court's civil local rules require that prior to filing such a motion, the parties meet and confer to attempt to resolve any disputes related to the motion or provide a statement indicating that no conference was held, accompanied by a certification by the moving attorney that a good faith effort to hold the conference failed.  *See* Civ. L.R. 54-5(b)(1).  The meet and confer requirement is not satisfied by "[t]he mere sending of a written, electronic, or voice-mail communication. . . . [T]his requirement can only be satisfied through direct dialogue and discussion—either in a face to face meeting or in a telephone conversation." Civ. L.R. 1-5(n).

VGT's exchange of emails with OEM does not satisfy these local rules. VGT has not certified that it tried to confer with OEM via telephone or in person.  That said, OEM's final email

communication to VGT about the motion can be read as a refusal to engage in a good faith discussion which would operate to relieve VGT of its pre-filing obligations under the local rules. Balanced against that interpretation is OEM's averment that it attempted to contact VGT numerous times to discuss the motion, to no avail, and seeks to make a good faith effort to resolve this matter through a phone or in person conference.

Accepting that representation at face value, within two weeks from the date of this order, the parties must meet and confer telephonically or in person regarding the attorney's fees motion. By April 5, 2013, they must file a certification that this telephone conversation or meeting has taken place and indicate if the matter has been resolved. VGT's attorneys' fees motion will remain under submission in the interim.

IT IS SO ORDERED.

Dated: 3/22/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE